UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER A. LEWELLEN      ]
    Plaintiff,              ]
                             ]
v.                           ]          No. 3:12-0931
                             ]          Judge Campbell
ROBERT ARNOLD                ]
    Defendant.              ]

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, seeking injunctive relief.

The plaintiff is a convicted felon awaiting his transfer to a state penal facility. In the meantime, he complains that he is being denied opportunities that are available to other convicted felons already in the custody of the Tennessee Department of Correction.

More specifically, the plaintiff alleges (1) that he has been denied access to a law library, (2) that he has been denied an opportunity to earn sentence reduction credits, and (3) that he is being denied access to rehabilitative programs in violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

The plaintiff has offered no factual allegations suggesting that a legal matter has been compromised because of his inability to visit a law library. Thus, the First Amendment is not offended by the failure to allow the plaintiff access to a law library.

The plaintiff also complains that he is unable to earn the sentence reduction credits in a county jail that other convicted felons in the custody of the Tennessee Department of Correction

have an opportunity to accrue. Inmates, however, have no inherent constitutional right to earn sentence reduction credits. Hansard v. Barrett, 980 F.2d 1059,1062 (6th Cir.1992). Therefore, the defendant has not violated the plaintiff's constitutional rights in this regard.

Finally, the plaintiff asserts that he is being denied access to rehabilitative programs. But a prisoner has no federally protected right to participate in a rehabilitative program. Hutto v. Finney, 437 U.S. 678 (1978). As a consequence, the plaintiff has failed to show that defendant's failure to provide this type of program for him has violated his constitutional rights.

In the absence of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                Todd Campbell
                                                United States District Judge